IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case No. 4:15-CR-318-3 |
| | § | |
| ANN ANYANWU, | § | Judge Alfred Bennett |
| Defendant. | § | |

### DEFENDANT'S PROPOSED GOOD FAITH JURY INSTRUCTION
### With Authority

NOW COMES ANN ANYANWU, through her attorney, Vivian R. King, and files her Proposed Good Faith Jury Instruction with Case Law for this Honorable Court's consideration for inclusion in the Final Jury Charge.

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1
### "Good Faith" Defense

The good faith of a defendant is a complete defense to the fraud charges in each count in the Indictment, because good faith on the part of a defendant is inconsistent with a finding of "a specific intent to defraud." Remember, you must consider each charge and the evidence relating to it against each defendant separately.

A person who acts on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate,

incorrect, or wrong. An honest mistake in judgment or an error in management does not amount to criminal conduct. The healthcare fraud law is intended to subject to criminal punishment only those people who specifically intend to defraud or cheat others.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of others. It is the government's burden to prove beyond a reasonable doubt with respect to each healthcare fraud count that the defendant acted with a specific intent to defraud or cheat others.

In determining whether or not the government has met its burden that the Defendant acted with the specific intent to defraud, the jury must consider all of the evidence in the case bearing on each defendant's state of mind.

The defendant does not have the duty to prove he or she acted in good faith because a defendant does not have an obligation to prove anything in a criminal case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted knowingly and with the specific intent to defraud.

If the evidence in the case leaves the jury with a reasonable doubt as to whether a defendant acted with specific intent to defraud or acted in good faith, the jury must find that defendant not guilty.

## Authority

1. *United States v. Michelle M. Valencia,* Criminal No. H-04-514-SS, Southern District of Texas, Hon. Nancy F. Atlas.

2. GOOD FAITH DEFENSE: In a health care fraud case, a defendant may raise good faith as a complete defense. The idea is to demonstrate that defendant did not intend to cheat or deceive anyone and the conduct amounted to an honest mistake even if that mistake was careless. *See United States v. Cunningham,* 554 F. App'x 126, 127 (4th Cir. 2014). Offered as persuasive authority only.

3. **United States v. Storm, 36 F.3d 1289 (5th Cir. 1994).** Storm argued that the district court erred in failing to include in the jury charge his requested instruction concerning his defense of "good faith." A trial court's refusal to include a requested instruction in the jury charge is reviewed under an abuse of discretion standard, and the court is afforded substantial latitude in formulating its instructions. See United States v. Rochester, 898 F.2d 971, 978 (5th Cir.1990). Refusal to include an instruction constitutes reversible error only upon the occurrence of all three of the following conditions: (1) the requested instruction is substantially correct; (2) the actual charge given to the jury did not substantially cover the content of the proposed instruction; and (3) the omission of the

instruction would seriously impair the defendant's ability to present his defense. *See United States v. Daniel*, 957 F.2d 162, 170 (5th Cir.1992).

*Storm* relies on *United States v. Goss*, 650 F.2d 1336 (5th Cir. Unit A 1981), for the proposition that the trial court committed reversible error in denying his request for an instruction on good faith. In Goss, we held that a trial court's refusal to grant a defendant's request for an instruction on good faith, a complete defense to the charge of intent to defraud under the mail fraud statute, was reversible error. Id. at 1344-45. "Goss, however, must be read in light of later cases which indicate that the failure to instruct on good faith is not fatal when the jury is given a detailed instruction on specific intent and the defendant has the opportunity to argue good faith to the jury." *United States v. Rochester*, 898 F.2d at 978 (*citing United States v. Hunt*, 794 F.2d 1095 (5th Cir.1986)).5

In *Storm*, the district court did not abuse its discretion in refusing to submit the instruction regarding good faith because the defense of good faith was substantially covered by the charge given to the jury. The instructions on the terms "knowingly" and "willfully" follow those approved in this circuit. *See United States v. St. Gelais*, 952 F.2d 90, 93-94 (5th Cir.), cert. denied, --- U.S. ----, 113 S. Ct. 439, 121 L. Ed. 2d 358 (1992); *Rochester*, supra. *Storm* testified regarding his intentions when he engaged in the real estate transactions in question. Moreover,

counsel was not circumscribed in his argument to the jury regarding Storm's defense of good faith. Storm was not inhibited by the lack of a good faith instruction from presenting his theory of the case, including his assertion of good faith that "he had no intent to ever violate the law." The refusal of the requested instructions did not constitute reversible error.

4. *Cheek v. United States*, 111 S. Ct. 604, 112 L.Ed.2d 617, 67 A.F.T.R.2d 91-344 (1991). This summarization is from Bloomberg Law Online.

**Brief Fact Summary.** Defendant Cheek was convicted under a provision of the Federal Tax Code that makes it a felony to "willfully attempt in any manner to evade or defeat any tax imposed by this title or payment thereof" for failing to file a tax return. Defendant argued that he had acted on information he received from a group opposing the institution of taxation and based on this information he believed that he did not owe any taxes.

**Synopsis of Rule of Law.** A good faith misunderstanding of the law or a good faith belief that one is not violating the law does not have to be reasonable to negate the element of willfulness

**Facts.** Defendant, a professional pilot, was convicted under 26 U.S.C. 7201 which provides that any person is guilty of a felony that "willfully attempts in any manner to evade or defeat any tax imposed by this title or payment thereof." Defendant had

failed to file a tax return required by law and argued in his defense that his failure to file was based on information he received from a group opposing the institution of taxation. Based on this information, Defendant asserted that he believed that he owed no taxes, including taxes on his wages. At trial the judge instructed the jury that an honest but unreasonable belief is not a defense and does not negate willfulness. Defendant appealed the jury instruction.

**Issue.** Can a mistake based on an honest but unreasonable belief negate the element of willfulness?

**Held.** Yes. Judgment reversed and remanded.

The general rule is that mistake of law is not a viable defense to a criminal prosecution. However, the statutes of tax law sometime make it difficult for the average citizen to know the extent of his/her duties under tax law. Therefore specific intent to violate the law is an element of certain Federal criminal tax offenses. The term "willfully" carves out an exception to the traditional rule that mistake of law is not a defense.

The Government, with regard to willfulness in violating tax law, has to prove that the law imposed a duty on the defendant, that the defendant knew of this duty and that the defendant voluntarily and intentionally violated that duty.

A good faith misunderstanding of the law or a good faith belief that one is not violating the law does not have to be reasonable to negate willfulness.

**Discussion.** Ordinarily a mistake about the prohibition is not a defense, however where the prosecution must prove that a duty was intentionally violated, a mistake as to the existence of the prohibition negates that intent. The terms willfully and knowingly raise questions as to whether their use requires the defendant to be aware of the existence of the law he is charged with violating or just aware that he/she willfully or knowingly acted, regardless of whether he knew the actions were illegal.

Respectfully submitted,

*/s/ Vivian R. King*
VIVIAN R. KING
Attorney for Defendant
State Bar No. 00784399
Federal Bar ID 18607
2202 Alabama St.
Houston, Texas 77004
Ph. 713-222-2019
Fax 877-753-6706

## **CERTIFICATE OF SERVICE**

I, Vivian R. King, hereby certify that a true and correct copy of the foregoing instrument was delivered to the Assistant U.S. Attorneys William Chang and Scott Armstrong via email on July 15, 2016.

/s/ Vivian R. King
VIVIAN R. KING